■    WHOLESALE SERVICE SUPPLY CORPORATION, Respondent, v. HERBERT RUBIN et al., Appellants.—In an action by a judgment creditor of defendant Ruvo Lumber Corporation to declare a certain promissory note, sold to plaintiff upon a Sheriff's sale, to be a lien upon certain real property and for other relief, defendants appeal from an order of the Supreme Court, Orange County, dated February 11, 1966, which (1) granted plaintiff's motion to dismiss defendants' separate defense as insufficient in law, without leave to amend the answer, and (2) denied defendants' cross motion (a) to vacate the Sheriff's sale to plaintiff of said promissory note and (b) to direct a resale thereof, on the ground that the sale was jurisdictionally defective. Order modified by (1) striking from its decretal paragraph the provision granting plaintiff's motion without leave to amend the answer, and (2) inserting therein a provision that plaintiff's motion is denied. As so modified, order affirmed, with $10 costs and disbursements to defendants. In our opinion the separate defense as pleaded, together with the facts adduced on the instant motion to dismiss the defense for insufficiency (CPLR 3211, subd. [b]), adequately raises the issue that plaintiff bought in at the execution sale with knowledge that the Sheriff had proceeded upon only five days' notice of sale, instead of the minimum of six days as prescribed by statute (CPLR 5233). Whether defendants can prove such allegation is for the trier of the facts. Under the circumstances, it was error to hold that the defense must be dismissed because of its failure to allege *in haec verba* that plaintiff had purchased with notice of the Sheriff's failure to post notice of sale for six days prior thereto. Defendants' reference to the statute (CPLR 5233) in their separate defense was comprehensive enough to alert plaintiff to this issue and thus constituted compliance with defendants' obligation to plead, by way of affirmative defense, facts showing illegality (CPLR 3018, subd. [b]). It was error, therefore, to hold that the defense contained a fatal omission in pleading. Brennan, Acting P. J., Rabin, Hopkins, Benjamin and Munder, JJ., concur.

■    W. R. W. BUILDING CORP., Appellant, v. WALDAN CORP., Respondent, et al., Defendants.—Order of the Supreme Court, Rockland County, dated December 6, 1966, affirmed, with $10 costs and disbursements. No opinion. Order of said court dated September 29, 1966 dismissed, as academic, without costs. That order was superseded by the order dated December 6, 1966, which granted reargument. Ughetta, Acting P. J., Brennan, Rabin, Benjamin and Munder, JJ., concur.

## THIRD DEPARTMENT, APRIL, 1967

## (April 6, 1967)

■    THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. WILLIE DUPUIS, Appellant.— On the court's motion, appeal from order which directed that appellant be furnished without charge a copy of the transcript of the minutes of the trial, but denied his application in all other respects, dismissed. (Code Crim. Pro., § 517; *People* v. *Fryson*, 21 A D 2d 979.) Appellant is entitled to be furnished without charge three copies of the record on appeal. (Code Crim. Pro., § 485, subd. 8.) In the event appellant considers the record incomplete, he may apply to the trial court to have it settled. (Code Crim. Pro., § 458; *People* v. *Aurigemma*, 13 A D 2d 792, cert. den. 368 U. S. 969.) Gibson, P. J., Herlihy, Reynolds, Staley, Jr., and Gabrielli, JJ., concur.